# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES A HENSON, JR., | * |
| Plaintiff | * |
| v | * Civil Action No. JKB-17-884 |
| STATE OF MARYLAND, ANNE ARUNDEL CIRCUIT COURT, | * |
| Defendants | * |

***

## MEMORANDUM

James A. Henson, Jr., a Maryland Department of Corrections ("DOC") prisoner housed at Western Correctional Institution, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983, against the State of Maryland and Anne Arundel Circuit Court. ECF 1, p. 1. For reasons set forth herein, Henson's motion for leave to proceed *in forma pauperis* shall be granted and the complaint shall be dismissed.

Henson seeks "access to the courts" and alleges a laundry list of complaints regarding his confinement within the DOC. He reiterates his often raised claim of a vast conspiracy among correctional staff.[1] ECF 1, p. 3. It is unclear what relief he seeks. It is also unclear how the named defendants, the State of Maryland and the Anne Arundel Circuit Court, are alleged to have participated in the allegations raised arising out of prison conditions in the DOC. *Id*.

Henson's complaint is filed under 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To guard

---

[1] *See Henson v. Likin*, Civil Action No. RWT-11-2719 (D. Md.), *Henson v. Miller*, Civil Action No. RWT-12-763 (D. Md.) *Henson v. Lambert,* Civil Action No. RWT-12-3271 (D. Md.), *Henson v. Smith*, Civil Action No. RWT-13-2266 (D. Md.); *Henson v. Weber*, RWT-14-340 (D. Md.) *Henson v. Graham*, RDB-14-2058 (D.Md.). In those cases, the court concluded that Henson's claims of a vast conspiracy to cause him harm had been subject to investigation and found to be without merit and that Henson had otherwise failed to provide any facts in support of his bald-faced conspiracy allegations.

against possible abuses of this privilege, the statute requires a district court to dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

In this context, this court is mindful of its obligation to liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus, Henson's complaint against both the State of Maryland and the Circuit Court for Anne Arundel County, a State agency, is barred by the Eleventh Amendment.

Title 28 U.S.C. § 1915(e)(2) obligates federal courts to dismiss cases at *any time* if the action is legally frivolous or malicious, fails to state a claim on which relief may be granted, or

seeks monetary relief against a defendant who is immune from such relief. The complaint shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 954-55 (4th Cir. 1995). Plaintiff is reminded that under 28 U.S.C. § 1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

A separate Order follows.

April 25, 2017                          _____/s/_____
Date                                          James K. Bredar
                                                  United States District Judge